~~IN THE UNITED STATES DISTRICT COURT~~
FOR THE DISTRICT OF MARYLAND
Greenbelt Division

FILED ENTERED LODGED RECEIVED
DEC 8 2008
AT GREENBELT
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY DEPUTY

WILLIS MARK HAYNES, pro se,

Petitioner,

vs.

CASE NO. PJM 02-3850

UNITED STATES OF AMERICA,

Respondent

**PETITIONER'S MOTION FOR RELIEF FROM [DE#512] 07/26/2006 ORDER DENYING 28 U.S.C. §2255 MOTION TO VACATE, PURSUANT TO RULE 60(b)(6), FED.R.CIV.P.**

**TO THE HONORABLE COURT:**

COMES NOW, the Petitioner, Willis Mark Haynes, appearing this day pro se and without the aid of counsel, who hereby respectfully moves this Honorable Court for relief from operation of the Court's July 26, 2006 Order [DE#512] denying Petitioner Haynes' 28 U.S.C. §2255 Motion to Vacate, Set Aside, or Correct Sentence [DE#466], pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure, in light of underlying clerical mistakes and other miscellaneous factors of excusable neglect and extraordinary circumstances resulting in the dismissal of Petitioner Haynes' appeal of the above-styled Order [DE#512 as untimely

Based on the complexity and uniqueness of the factors warranting Rule 60(b)(6) relief, Petitioner Haynes would outline the following circumstances and invoke the following citations of authority hereinafter, all standing for the proposition that Rule 60(b)(6) relief is necessary and warranted herein

STATEMENT OF THE CASE, FACTS, AND COURSE OF DISPOSITION

Page

Hay mp rnı

Ge

rwa

lay

Hay

Ap

RAN Ce Ap

sm

Ce Ap Ap

Th

Ha

Ex

Co Mo

the Exten f ed Ha s'

ly

Page

Ap

in

## ARGUMENT AND CITATIONS OF AUTHORITY IN SUPPORT

Ha

rv

mp

Compton Klapprott v.

United States

Dowell v. State Farm Fire & Casualty Auto

Insurance Co. Wh

Klapprott

Ackerman

~~Dowell, 993 F.2d at 48. As the law stands today, a court may grant a~~ motion under Rule 60(b)(6) when the judgment was obtained by the improper conduct of the party in whose favor it was rendered or by an "excusable neglect", see United States v. Cato Bros., Inc., 273 F.2d 153, 157 (4th Cir. 1959), or in other "extraordinary circumstances". See, e.g., Ackermann v. United States, 340 U.S. 193, 199, 95 L.Ed. 207, 71 S.Ct. 209 (1950). Put simply, the applicable rule is as follows: a Rule 60(b)(6) motion will be granted only in extraordinary circumstances or under circumstances imposing extreme or undue hardship such as that sustained herein by Defendant Haynes. See United States v. Cirami, 563 F.2d 26, 32 (2nd Cir. 1977); Allstate Ins. Co. v. Michigan Carpenters' Council Health & Welfare Fund, 760 F.Supp. 665, 669 (W.D. Mich. 1991)

Of interest to the case at hand in the matter, particular observation of the holding in Smith v. Barry, 502 U.S. 244, 116 L.Ed.2d 678, 112 S.Ct. 678 (1992), wherein the Supreme Court held that courts will and shall liberally construe the requirements of Rule 3 of the Federal Rules of Appellate Procedure. See Torres v. Oakland Scavenger Co., 487 U.S. 312, 317, 101 L.Ed.2d 285, 108 S.Ct. 2405. The government's argument that the district court clerk timely docketed Haynes' Petition for a Certificate of Appealability [DE#517], but not Haynes' Notice of Appeal is irrelevant in this matter, since it is the notice afforded by a document, not the litigant's motivation in filing it, that determines the document's sufficiency as a notice of appeal in any event. Therefore, the government's motion seeking to and prompting the Fourth Circuit's dismissal of Haynes' appeal on the basis that Haynes did not file a

notice of appeal in a timely manner (assuming arguendo that this Court finds that the paper-clipped notice of appeal, appended to Haynes' petition for a certificate of appealability was not properly filed), all due to clerical mistake on part of the district court clerk, must still fail, and warrants 60(b)(6) relief wherein the Petitioner for a Certificate of Appealability itself gave the Court, as this Court conceded, proper notice of Haynes' intent to appeal

A petition for a certificate of appealability filed with a district court by a litigant seeking to appeal a district court decision is effective as a notice under Rule 3, Fed.R.App.P. --- which requires that a notice of appeal be filed within the time allowed by Rule 4 Fed.R.App.P., and that such a notice specify the party or parties taking the appeal, designate the judgment, order, or part thereof appealed from and name the court to which the appeal is taken --- if the petition is filed within the time allowed by Rule 4, Fed.R.App.P. and conveys the information required by Rule 3, Fed.R.App.P., because (1) when papers are technically at variance with the letter of Rule 3, Fed.R.App.P., a court may find that the litigant has complied with the Rule if the litigant's action is the functional equivalent of what the Rule requires; (2) the notice afforded by a document, not the litigant's motivation in filing it, determines the document's sufficiency as a notice of appeal; (3) the fact that the Federal Rules of Appellate Procedure envision that a notice of appeal and the appellant's petition will be separate filings does not preclude a court's treating a brief-styled filing as a notice of appeal, if the filing is timely under Rule 4, Fed.R.App.P., and conveys the

~~information required by Rule 3, Fed.R.App.P., since (a) such treatment is~~ appropriate under Rule 3(c)'s provision that an appeal shall not be dismissed for informality or form or title of the notice of appeal, and (b) proper briefing is not a jurisdictional requirement under the Federal Rules of Appellate Procedure. See Smith v. Barry, supra at HN1.

In conclusion, clearly Haynes' intent to pursue an appeal with the Fourth Circuit Court of Appeals was timely. The government's actions in having Haynes' appeal dismissed as untimely, although seemingly untimely from an outer-perspective, should serve as invitation and motivation for this Honorable Court to heretofore vacate its previous order and re-enter same, just as the Court attempted to do when it granted Haynes' previously-filed motion for an extension of time to appeal

## CONCLUSION AND PRAYER FOR RELIEF

WHEREFORE, for all of the foregoing reasons, clerical mistakes, and citation of authority, Petitioner Haynes prays this Honorable Court grant Haynes relief from [DE#512] the Court's July 26, 2006 Order denying Haynes' 28 U.S.C. §2255 Motion, and thereinafter reinstate a new Order denying Haynes' 28 U.S.C. §2255 Motion, as a matter of law and in the interests of justice the same.

Dated: December 5, 2008

Respectfully & Humbly Submitted,

Willis Mark Haynes, Petitioner
Register No.
Federal Correctional Complex
Post Office Box 1033
Coleman, Florida 33521-1033

**CERTIFICATE OF SERVICE**

I, Willis Mark Haynes, Petitioner of the foregoing Motion for Relief From Judgment, filed pursuant to Rule 60(b)(6), Fed.R.Civ.P., hereby certify that a true and correct copy of the foregoing was served upon the following interested persons, by United States Mail, postage prepaid and affixed thereto for sufficient delivery:

Willis Mark Haynes
Petitioner, pro se